UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

DEREK FARRELL,

                                  Plaintiff,

                     -against-

CITY OF NEW YORK; Lt. RONALD BOLTE, Shield
No. 918765; Lt. WILBERT MORALES, Shield No.
895757; individually and in his/her official capacities; and
NYPD Officers JOHN and JANE DOE 1 through 10,
individually and in their official capacities (the names
John and Jane Doe being fictitious, as the true names are
presently unknown),

                              Defendants.
------------------------------------------------------------------------x

**COMPLAINT**

Jury Trial Demanded

<u>ECF Case</u>

      PLAINTIFF, DEREK FARRELL, by attorney Katherine E. Smith, complaining of the defendants, respectfully alleges as follows:

## NATURE OF THE ACTION

1.     PLAINTIFF brings this action for compensatory damages, punitive damages and attorneys' fees pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988 for violations of PLAINTIFF'S civil rights, by defendants THE CITY OF NEW YORK, and Lt. RONALD BOLTE, Shield No. 918765; Lt. WILBERT MORALES, Shield No. 895757; and P.O.s "JOHN and JANE DOE" #110, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

## JURISDICTION AND VENUE

2.     This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the Constitution of the United States.

3.      The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343 and 1367(a).

4.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c), as the incidents alleged herein occurred in this district.

### JURY DEMAND

5.      PLAINTIFF demands a trial by jury in this action.

### PARTIES

6.      PLAINTIFF, DEREK FARRELL, is a resident of Bronx County in the City and State of New York.

7.      Defendant City of New York ("City") is a municipal corporation organized under the laws of the State of New York.

8.      Defendant City, maintains the New York City Police Department ("NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of defendant City. The NYPD is responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

9.      At all times relevant defendants Lt. RONALD BOLTE, Shield No. 918765; defendants Lt. WILBERT MORALES, Shield No. 895757; and NYPD Defendants John & Jane Doe 1 through 10 ("Doe Defendants") were police officers, detectives or supervisors employed by the NYPD.  Plaintiff does not know the real names and shield numbers of defendants John & Jane Doe 1 through 10.

10.     At all times hereinafter mentioned BOLTE, MORALES, and the DOE Defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

11.     Each and all of the acts of the DOE Defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant City of New York.

12.     Each and all of the acts of the DOE Defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant City of New York.

## STATEMENT OF FACTS

13.     On or about October 24, 2012 at or around approximately 6:00 p.m., PLAINTIFF was lawfully within the vicinity of Bronx Lebanon Hospital, Bronx, New York.

14.     PLAINTIFF was employed as a security officer for the hospital and was on duty on the above-referenced date and time in the emergency department.

15.     A police officer was wounded and was brought into the hospital for treatment.

16.     Two police Lieutenants, BOLTE and MORALES, were present.

17.     PLAINTIFF informed the officers that they had to move away from the patient, as emergency personnel were attempting to render medical treatment.

18.     The officers refused to move, so PLAINTIFF asked them again to move, insisting that they leave the area.

19.     Incensed, the officers refused and violently forced PLAINTIFF into an x-ray room and locked him in the room for a prolonged period of time.

20.     They finally released him from the x-ray room; no charges were filed against PLAINTIFF.

21.     PLAINTIFF subsequently filed a complaint with the Civilian Complaint Review Board ("CCRB") to report the officers' conduct.

22.     The incident was subsequently investigate by the CCRB; charges against both officers were substantiated.

23.     Upon information and belief, bother officers were disciplined for their treatment of PLAINTIFF.

24.     PLAINTIFF suffered damage as a result of defendants' actions.  PLAINTIFF was deprived of liberty, suffered emotional distress, mental anguish, fear, pain, bodily injury, anxiety, embarrassment, humiliation, and reputational damage.

## CLAIM
## MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983

25.     PLAINTIFF repeats, reiterates, and re-alleges each and every allegation contained in the proceeding paragraphs with the same force and effect as if fully set forth herein.

26.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

27.      The aforementioned customs, policies, usages, practices, procedures and rules of defendant City and the NYPD include, but are not limited to, the following unconstitutional practices:

        i.    arresting individuals regardless of probable cause in order to inflate the officers' arrest statistics;

        ii.    arresting innocent persons notwithstanding the existence of credible evidence which exonerates the accused of any criminal wrongdoing; and

        iii.   fabricating evidence in connection with their prosecution in order to cover up police misconduct.

28.    The foregoing customs, policies, usages, practices, procedures and rules of defendant City through the NYPD constituted deliberate indifference to the safety, well-being and constitutional rights of the PLAINTIFF.

29.    The foregoing customs, policies, usages, practices, procedures and rules of the City and the NYPD were the direct and proximate cause of the constitutional violations suffered by the PLAINTIFF as alleged herein.

30.    Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the PLAINTIFF'S constitutional rights.

31.    Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of the PLAINTIFF'S constitutional rights.

32.    The acts complained of deprived the PLAINTIFF of the following constitutionally protected rights:

        a.      Not to be deprived of liberty without due process of law;

        b.      To be free from seizure and arrest not based upon probable cause;

        c.      Not to have summary punishment imposed; and

      d.        To receive equal protection under the law.

33.    As a direct and proximate result of this unlawful conduct, PLAINTIFF sustained the damages hereinbefore alleged.

## CLAIM ONE
**False Arrest**

34.    PLAINTIFF repeats and re-alleges each and every allegation as if fully set forth herein.

35.    The Defendants violated the Fourth and Fourteenth Amendments because they arrested PLAINTIFF without probable cause, privilege or consent.

36.    As a direct and proximate result of this unlawful conduct, PLAINTIFF'S liberty was restricted for an extended period of time, was put in fear of physical safety, humiliated and subjected to handcuffing, and other physical restraints, without probable cause, in addition to the damages hereinbefore alleged.

## CLAIM TWO
**Unreasonable Force**

37.    PLAINTIFF repeats and re-alleges each and every allegation as if fully set forth herein.

38.    The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on PLAINTIFF.

39.    As a direct and proximate result of this unlawful conduct, PLAINTIFF sustained the damages hereinbefore alleged.

## CLAIM THREE
### Malicious Abuse of Process

40.     PLAINTIFF repeats and re-alleges each and every allegation as if fully set forth herein.

41.     The individual defendants issued legal process to place PLAINTIFF under arrest.

42.     The Municipal Defendants arrested plaintiff in order to obtain collateral objectives outside the legitimate ends of the legal process.

43.     The Municipal Defendants acted with intent to do harm to PLAINTIFF without excuse or justification.

44.     As a direct and proximate result of this unlawful conduct, PLAINTIFF sustained, *inter alia*, loss of liberty, loss of earnings, emotional distress, mental anguish, shock, fright, apprehension, embarrassment, humiliation, deprivation of constitutional rights, in addition to the damages hereinbefore alleged.

## CLAIM FOUR
### Failure To Intervene

45.     PLAINTIFF repeats and re-alleges each and every allegation as if fully set forth herein.

46.     Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

47.     Accordingly, the defendants who failed to intervene violated the First, Fourth, Fifth And Fourteenth Amendments.

48.     As a direct and proximate result of this unlawful conduct, PLAINTIFF sustained

the damages hereinbefore alleged.

### PRAYER FOR RELIEF

**WHEREFORE**, PLAINTIFF respectfully requests judgment against defendants as

follows:

(a)     Compensatory damages against all defendants, jointly and severally;

(b)     Punitive damages against the individual defendants, jointly and severally;

(c)     Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d)     Such other and further relief as this Court deems just and proper.


DATED:     New York, New York
           October 23, 2015


                                        _____/s_____
                                        Katherine E. Smith
                                        233 Broadway, Ste. 1800
                                        New York, New York 10279
                                        Tel/ Fax: 347-470-3707
                                        ksmith@legalsmithny.com
                                        *Attorney for Plaintiff*